In re Michael PETERSON and Elizabeth Peterson,
Debtors.

Michael Peterson and Elizabeth Peterson, Plaintiffs,

v.

Wells Fargo Bank, N.A., Defendant.

Bankruptcy No. 97–20751–B–7.
Adversary No. 01–2302.

United States Bankruptcy Court, E.D. California.

June 6, 2002.

Elizabeth Joanne Peterson, Michael Shane Peterson, Roseville, CA, pro se.

Carleton B. Crutchfield, Robert F. Mitsch, St. Paul, MN, Ronald S. Goldser, Minneapolis, MN, Craig S. Miller, San Francisco, CA, for plaintiffs.

Mark D. Lonergan, Rhonda L. Nelson, San Francisco, CA, for defendant.

### MEMORANDUM DECISION

JANE DICKSON McKEAG, Bankruptcy Judge.

Defendant Wells Fargo Bank, N.A. (the "Bank") has renewed its motion to deny certification of the putative class in this adversary proceeding. The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b).

## I. BACKGROUND

*Prior Proceedings*

On September 22, 1999, plaintiffs Michael and Elizabeth Peterson ("Plaintiffs") filed this class action in the District Court for the Eastern District of California to "remedy" the Bank's practice of collecting discharged obligations by automatic withdrawals from debtors' bank accounts. The Bank brought a motion to dismiss this adversary proceeding while Plaintiffs brought a motion to refer this proceeding to bankruptcy court.

On August 17, 2000, the District Court entered its order granting the motion to dismiss, but denying the motion to refer. The District Court order dismissed the causes of action in the original complaint based on alleged violations of the discharge injunction, the Fair Debt Collection Practices Act and RICO. That order gives Plaintiffs leave to amend only the RICO cause of action. By further order entered on November 30, 2000, the District Court also dismissed causes of action for declaratory relief, injunctive relief, accounting and attorneys' fees to the extent they were based on the dismissed causes of action.

On January 2, 2001, Plaintiffs filed their first amended class action complaint, which contained only two causes of action. In the remaining causes of action, Plaintiffs seek damages under 11 U.S.C. § 362(h) for willful violation of the automatic stay and contempt of court for intentional violation of the discharge injunction imposed pursuant to 11 U.S.C. § 524.

Prior to Plaintiffs' filing the first amended complaint, the Bank had moved to deny class certification. On June 6, 2001, the United States District Court referred the entire action, including the then pending motion to deny class certification, to this court for all further proceedings. On September 26, 2001, the court granted the Bank's motion with leave to Plaintiffs to amend the complaint.

On October 26, 2001, Plaintiffs filed their Second Amended Class Action Complaint (the "Complaint"). The Complaint differs from its immediate predecessor only in that it redefines the purported class. The factual allegations remain unchanged from the prior complaint.

On April 5, 2002, the Bank filed its renewed motion for an order denying class certification, which was submitted to the court for decision on May 22, 2002. As part of its opposition to the renewed motion, Plaintiffs have requested that the

court not only deny the Bank's motion, but also certify the class.

*The Complaint's Factual Allegations*

On January 17, 1997, Plaintiffs filed a voluntary chapter 7 case in the Eastern District of California. They received their discharge on April 30, 1997.

Plaintiffs had a pre-petition loan with the Bank, which was secured by a 1994 Toyota Corolla. Prior to their bankruptcy, Plaintiffs made monthly payments to the Bank in the amount of $314.93. The Bank was scheduled as a creditor in Plaintiffs' bankruptcy case and presumably received notice of their bankruptcy filing.

After the bankruptcy filing, the Bank continued its prior practice of making automatic withdrawals from Plaintiffs' bank account on account of its vehicle loan. From February 1997 through August 1999 Plaintiffs made 31 monthly payments to the Bank, totaling $9,762.83. The alleged value of the Toyota Corolla on the petition date was $5,500.

Plaintiffs allege that the Bank sent them letters indicating that they were personally liable for the car loan. Although the Complaint states that one such example is attached, the Complaint includes no attachments.[1]

The Complaint further states that the alleged practices by the Bank are representative of a common course of conduct, adopted as part of the Bank's standard policies and procedures.

*Class Definition*

The class definition, set forth in paragraph 39 of the Complaint, defines the class as all individuals:

1. Who filed a chapter 7 petition for relief;

2. As to whom Defendant received notice of the Bankruptcy;

3. Who, subsequent to the filing of the bankruptcy petition, did not reaffirm the debt pursuant to 11 U.S.C. § 524(c), did not redeem the collateral pursuant to 11 U.S.C. § 722 or did not surrender to Defendant the collateral; and

4. From whom payments on such pre-petition debt or alleged debt were solicited by Defendant beyond mere regular monthly statements on the lien.

The class excludes any employees or officers of the Bank.

In their opposition to this motion, Plaintiffs proposed yet another class definition. The fourth element is narrowed to the following:

4. From whom payments on such pre-petition debt were automatically withdrawn from the individual's bank account, savings account or payroll account where Defendant did not obtain the individual's authorization for continued withdraw following notice of the debtor's bankruptcy.

The court might be inclined to consider this definition because Plaintiffs will in all likelihood seek further amendment of the Complaint. While ruling on this definition might promote judicial efficiency, the Bank's motion addresses the definition contained in filed pleadings and could not anticipate the new class definition.

Another problem is that the proposed definition is unclear. According to the Complaint, Plaintiffs had an account with the Bank, from which the Bank continued to make automatic withdrawals. The proposed definition could be read as limited to similar situations where a creditor actually makes the automatic withdrawals from its

---

1. The original complaint contained a letter from the Bank to Plaintiffs regarding a change in their loan number. That letter does not appear to contain any reference, direct or indirect, to Plaintiffs' personal liability for the car loan.

borrowers' accounts in order to pay their loans. However, in their opposition, Plaintiffs pose the question differently.

> To be clear, the sole question in this case is whether or not continued post-petition acceptance of automatic deductions from a bank account, savings account of [sic] payroll check (generally referred to as "automatic withdraw") violates either the automatic stay or the discharge injunction.

Opposition, page 1, lines 19–26 [emphasis added]. The legality of acceptance of payments from a third party bank, depository or employer might be different than a creditor actually initiating the withdrawals. While the court is not deciding the merits of this question, it illustrates the importance of considering the pleading actually on file.

## II. APPLICABLE LAW

To obtain class certification, the Plaintiffs must satisfy a two-part statutory test. First, they must establish all four elements of Rule 23(a), and, second, at least one prong of Rule 23(b).

In pertinent part, Rule 23(a) provides that:

> [o]ne or more members of a class may sue ... on behalf of [the class] only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the [class representative] are typical of the claims or defenses of the class, and (4) the [class representative] will fairly and adequately protect the interests of the class.

These four prerequisites of Rule 23(a) are generally referred to as "numerosity," "commonality," "typicality," and "adequacy of representation," respectively.

In addition to satisfying the elements of subdivision (a), the action must comply with one of the subdivisions contained in Rule 23(b). The Complaint alleges that subsection (b)(3) applies, which states as follows:

> (3) ... the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

In argument, Plaintiffs also relied on Rule 23(b)(2), which states:

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making final appropriate final injunctive relief or corresponding declaratory relief with the respect to the class as a whole.

Because this ground was not included in the Complaint, the court will consider whether Rule 23(b)(2) applies only if Plaintiffs obtain further leave to amend the Complaint. Again, the Bank could not anticipate that they would add this provision as an additional basis for class certification.

## III. DISCUSSION

The court will not repeat here the discussion of the *Parker* defense, or so-called "ride-through" option, which was contained in its prior Memorandum Decision herein, which incorporated the court's decision in *Kibler v. WFS Financial*, E.D.Cal. Adversary No. 00–2604, as well as in *In re Walls*, 262 B.R. 519, 525 (Bankr.E.D.Cal. 2001).

In the prior proceedings, the *Parker* defense made class certification impossible. Viewed from a nationwide perspective, the fourth option of retaining the collateral without reaffirming the debt created irreconcilable differences among the *Parker*

and non-*Parker* jurisdictions. *See Walls,* 262 B.R. at 528. Within the Ninth Circuit or other "ride-through" jurisdictions, the plaintiffs' claims in these prior cases were at odds with similarly situated class members who wanted to retain their collateral and make payments without assuming personal liability for the obligation. *Walls,* 262 B.R. at 526–27 [quoting *Kibler*].

The definition in the Complaint refers to all "solicitations" beyond mere regular monthly payments. As the Bank correctly points out, the infirmities with this over-broad class definition remain. "Solicitation" is a sufficiently broad term to encompass normal communications between a lender and a borrower that wishes to preserve its *Parker* rights. For instance, the letter referenced in the Complaint simply alerted the Plaintiffs to a change in their loan number. To a debtor that wished to make payments and retain its collateral, this information would facilitate that debtor's ability to make continued payments. Other "solicitations," for example, notifying a debtor of a missed payment, promote the ability of the borrower to retain its collateral.

The court finds that under the proposed class definition, as with the prior definitions, Plaintiffs' interests diverge from those of putative class members, both in the jurisdictions that do not have a "ride through" option as well as within this Circuit.

## IV. CONCLUSION

For the reasons stated in the *Kibler* and *Walls* decisions, as well as the prior Memorandum Decision herein, the present class definition does not satisfy either the "typicality" requirement of Federal Rule of Civil Procedure 23(a)(3) or the "adequacy" requirement of Rule 23(a)(4). The class may not be certified under Rule 23(b)(3) because common questions of law and fact do not predominate over issues affecting individual class members.

By separate order, the court will grant the renewed motion to decertify the class. Plaintiffs may seek leave to amend the Complaint by an appropriate motion. The court cautions them, however, that such leave will be granted only if they can demonstrate that the amendment would not be futile. In other words, any motion for leave to amend should address the question of whether the proposed amendments will result in class certification.

## ORDER

For the reasons set forth in the Memorandum Decision filed herewith, the Renewed Motion to Deny Class Certification by defendant Wells Fargo Bank, N.A. is granted. This order is made without prejudice to the plaintiffs seeking leave to amend the Second Amended Complaint herein.